UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD SHAW-EL,                                    Case No. 06-14259

        Plaintiff,                               DISTRICT JUDGE ARTHUR J. TARNOW

v.                                                 MAGISTRATE JUDGE PAUL J. KOMIVES

SERRA BROTHERS, INC., et. al,

        Defendants.

## REPORT AND RECOMMENDATION

I.    RECOMMENDATION: The Court should grant defendants' third motion to dismiss. Doc. Ent. 37. If the Court agrees with this recommendation, it should also deny plaintiff's motion to amend third and final complaint (Doc. Ent. 35) and deem moot defendants' motion to strike plaintiff's second amended complaint (Doc. Ent. 42).

II.    REPORT

    A.    *Background*

    1.    This matter was referred to me pursuant to 28 U.S.C. 636(b)(1). *See* Doc. Entries 39, 43.

    2.    Plaintiff filed his original pro se complaint against Serra Brothers on September 27, 2006. *See* Doc. Ent. 1. Plaintiff alleges that his employment with Serra Brothers, Inc. began on May 22, 2003, and that he became a member of Teamsters Local No. 337 on October 1, 2003. *See* Doc. Ent. 1 at 1. Plaintiff claims that defendants issued him a written warning on April 12, 2005; that defendants suspended him for three days without pay in September 2004 and on April 15, 2005; and that defendants issued him a written notice on April 15, 2005. Plaintiff also alleges

1

that defendants terminated his employment on June 15, 2005. Plaintiff alleges that these actions by defendants constituted unfair discrimination on the basis of race in violation of US federal law, for which he seeks monetary relief. *See id.* On September 9, 2006, plaintiff filed an application for appointment of counsel (Doc. Ent. 3); this application was denied on October 5, 2006 (Doc. Ent. 4).

3. Prior to filing this case, plaintiff filed a small claims affidavit and claim in the 36th District Court (Case No. 06-200-190-SC) citing the events above. Plaintiff sought $3,000.00 on the grounds that he was "being denied full severance pay, and six (6) days lost wages." Doc. Ent. 32 at 16. On February 27, 2006, judgment was entered for defendant against plaintiff. *See id.* at 17. On March 30, 2006, judgment was again entered for defendant against plaintiff. *See id.* at 18.

4. Prior to filing this case, on or about May 22, 2006, plaintiff completed a charge of race discrimination by Serra Brothers with the Michigan Department of Civil Rights. *See id.* at 22. On or about June 5, 2006, the U.S. Equal Employment Opportunity Commission ("EEOC") sent a notice of charge of race discrimination to Chris Engal of Serra Brothers' Human Resources Department. *See id.* at 23. Plaintiff's EEOC notice of right to sue is dated November 17, 2006. *See id.* at 24.

5. On November 7, 2006, defendant Serra Brothers filed a motion for more definite statement and a motion to dismiss. *See* Doc. Entries 8 and 9. On January 30, 2007, plaintiff filed a motion to amend his complaint. *See* Doc. Ent. 16. On May 15, 2007, Judge Tarnow held a hearing on the motion to dismiss, motion for a more definite statement, and motion to amend the complaint. *See* Doc. Ent. 29 at 8-34; Doc. Ent. 30-3. Addressing plaintiff, Judge Tarnow stated,

in part,

> The [42 U.S.C. §] 1981 claim as of today will stay in the case.
> Your Motion to Amend the Complaint will be granted but you will [in the amended complaint] address the points that counsel has made. That is, what's the basis for pain and suffering; have you had medical treatment, psychological treatment; have you had any other costs that would justify pain and suffering; have you had emotional – treatment for emotional distress; are you on medication, are you seeing a medical professional. These are the sorts of things that will be in your amended complaint.

Doc. Ent. 23 at 20; Doc. Ent. 29 at 27. Judge Tarnow added, addressing plaintiff,

> And you will have 30 days to [file the amended complaint], which will take us to June 15 [2007]. And if there's another Motion to Dismiss after that, I'm going to send it to the magistrate judge, who will give the whole case a fresh look. But if you can't satisfy the requirements, that magistrate judge will recommend to me to dismiss the case. If you do satisfy the requirements, then they will recommend the opposite.

Doc. Ent. 23 at 20-21; Doc. Ent. 29 at 27-28. Judge Tarnow reminded plaintiff that even though plaintiff is not a lawyer he is required to respect the court rules of pleading. "I hope you appreciate that I'm not holding you to the standard of being an attorney," Judge Tarnow said, addressing plaintiff. "On the other hand, you are bound by the same rules as you would be if you did have an attorney. So, you have to satisfy the requirements so that [defendants] know what they have to answer, they know the basis of your claims." *Id.* Judge Tarnow encouraged the parties to settle. *See id.* Judge Tarnow also permitted plaintiff to add Samuel Serra of Serra Brothers, who was named in the complaint but not named as a defendant, in his complaint as a defendant. *See id.*

6. On May 18, 2007, Judge Tarnow entered an order granting defendant's motion to dismiss, granting defendant's motion for more definite statement, and granting plaintiff's motion to amend. *See* Doc. Ent. 20. Specifically, this order granted defendant's motion to dismiss "as to

3

all claims brought under the Fourteenth Amendment, 42 U.S.C. § 1983, and violations of the collective bargaining agreement" and permitted plaintiff until June 15, 2007, to file an amended complaint. *See id.*

7.     On May 30, 2007, plaintiff filed his first amended complaint, in which he raises claims under 42 U.S.C. §1981 ("equal rights under the law") as well as the collective bargaining agreement. Doc. Ent. 22.[1] The first amended complaint refers to the same acts by defendant as the original complaint, and further alleges that plaintiff applied for unemployment benefits on July 7, 2005, and that Serra filed a fraudulent statement with the unemployment agency that prejudiced plaintiff's application and resulted in plaintiff being denied unemployment benefits. *See id*. In the first amended complaint, plaintiff sought $125,000 in compensatory damages; $500,000 for intentional infliction of emotional distress; $500,000 in general damages, and $500,000 in punitive damages. *See id*.

8.     The following day, defendant filed a second motion to dismiss. *See* Doc. Ent. 21. Judge Tarnow noticed the hearing on this motion for October 5, 2007. *See* Doc. Ent. 24. A hearing was held on that date, and on October 10, 2007, Judge Tarnow referred the motion to me for hearing and determination. *See* Doc. Ent. 25. On October 18, 2007, I entered an order setting the response deadline for November 19, 2007. *See* Doc. Ent. 26. On October 19, 2007, plaintiff filed a response in which he withdraws his claim for "the injury of intentional infliction of emotional distress." *See* Doc. Ent. 27.

---

[1] I refer to plaintiff's complaint of September 27, 2006 as the "original complaint" (Doc. Ent. 1); plaintiff's amended complaint of May 30, 2007 as the "first amended complaint" (Doc. Ent. 22); plaintiff's amended complaint of October 19, 2007 as the "second amended complaint" (Doc. Ent. 28); and plaintiff's amended complaint of November 6, 2007 as the "third amended complaint" (Doc. Ent. 35).

9. On October 19, 2007, Plaintiff filed a second amended complaint. *See* Doc. Ent. 28. This complaint differs little from the original complaint and the first amended complaint, except that in the second amended complaint plaintiff sought actual, compensatory, general, and punitive damages totaling twenty (20) million dollars. *See id.* Defendant filed a reply on October 10, 2007, which asked this Court to "essentially strike all of plaintiff's complaints . . . from the record, effectively acting to dismiss plaintiff's case in its entirety." Doc. Entries 29 at 3 n.3, 30 at 3 n.3.

10. On November 6, 2007, plaintiff filed a sur-reply in which he requests that this Court deny defendant's motion to dismiss his second amended complaint. *See* Doc. Ent. 32 at 1-5, 15-24 (re-docketed as plaintiff's motion to amend third and final complaint. *See* Doc. Ent. 32 at 6-14; Doc. Ent. 35 at 1-9). On November 12, 2007, defendant filed a motion to strike plaintiff's sur-reply pursuant to Rule 12(f) and Local Rule 7.1. *See* Fed. R. Civ. P. 12(f); E.D. Mich. LR 7.1; Doc. Ent. 33. Judge Tarnow referred this motion to me on January 14, 2008, for hearing and determination. *See* Doc. Ent. 39.

11. On November 6, 2007, plaintiff filed a motion to file a third amended complaint, with the third amended complaint attached. *See* Doc. Ent. 35. This motion is still pending.

12. On February 14, 2008, I entered an order granting defendant' motion to strike the first amended complaint, but denied defendant's motion to strike the sur-reply on the grounds that it contained useful information regarding plaintiff's history in small claims court. *See* Doc. Ent. 41.

14. On February 26, 2008, defendant filed a motion to strike plaintiff's second amended complaint. *See* Doc. Ent. 42. Defendants argue that the second amended complaint

duplicates the defects of the first amended complaint, namely that it still fails to justify the damages. *See id.* This motion is still pending.

15.     Currently before this Court is defendants' third motion to dismiss, filed on November 16, 2007. *See* Doc. Ent. 37. Defendants argue that the case should be dismissed pursuant to Rule 12(b)(6). Specifically, defendants argue that plaintiff has filed two (as of November 16, 2007) amended complaints but has still failed to comply with Judge Tarnow's May 18, 2007, order for a more definite statement. *See* Doc. Ent. 20. Defendants argue that even though plaintiff is not a lawyer, he still must comply with court rules of pleading.

16.     On March 17, 2007, plaintiff filed a response in opposition to both defendants' third motion to dismiss (November 16, 2007; Doc. Ent. 37) as well as defendants' motion to strike the second amended complaint (February 26, 2008; Doc. Ent. 42). *See* Doc. Ent. 45.

17.     Plaintiff has also filed a "supplemental memorandum in error" (December 14, 2007; Doc. Ent. 38) in which he aims to correct defects in his third amended complaint. In addition, Plaintiff filed a "supplemental pleading" (April 29, 2008; Doc. Ent. 46), which resembles the third amended complaint, and to which is attached an "affidavit in support of supplemental pleading." Plaintiff seeks, according to this most recent filing, thirty-six (36) million dollars in damages for his injuries. *See* Doc. Ent. 46 at 8.

B.      *Plaintiff's Conduct*

1.      Plaintiff has refused for over a year to comply with a court order.  Judge Tarnow's order that plaintiff provide some justification for his damage claims was dated May 18, 2007. *See* Doc. Ent. 20. In the hearing of May 15, 2007, defense counsel indicated to the Court, "We want to know what we're defending. We want to know what the bases for [plaintiff's] damages claims

are. He has not provided that to us. He has now had three opportunities." Doc. Ent. 29 at 27. Judge Tarnow instructed plaintiff that in plaintiff's amended complaint, "you will address the points that counsel has made." *Id*. Judge Tarnow warned plaintiff that failure to do so would result in dismissal, and gave the plaintiff 30 days to amend the complaint. *Id.* at 28. Between then and now, though plaintiff has filed three amendments to his complaint as well as numerous additional documents, plaintiff has failed to justify his damage claims. Instead, without justification, plaintiff has provocatively expanded the damages he seeks with each subsequent pleading, up to the present figure of $36 million. *See* Doc. Ent. 46 at 8.

2. Plaintiff has attempted to essentially re-file documents that I already ordered stricken from the record. Specifically, on February 14, 2008, I entered an order granting defendant' motion to strike the first amended complaint on the grounds that it did not address Judge Tarnow's order that plaintiff specifically state his damages. *See* Doc. Ent. 41. Subsequently, plaintiff filed a response in opposition to defendants' third motion to dismiss and defendants' motion to strike (Doc. Ent. 45) as well as a "supplemental pleading" (Doc. Ent. 46). Both of these documents strongly resemble the first amended complaint that I ordered stricken from the record on the grounds that it had failed to address Judge Tarnow's order. *See* Doc. Entries 22, 41. One notable exception is the total amount of damages that plaintiff claims. In the first amended complaint that I ordered stricken from the record for failure to comply with Judge Tarnow's order to specifically state damages, plaintiff sought $125,000 in compensatory damages; $500,000 for intentional infliction of emotional distress; $500,000 in general damages, and $500,000 in punitive damages. *See* Doc. Ent. 22. In the "supplemental pleading" plaintiff now seeks without justification a total of $36 million in damages. *See* Doc. Ent. 46 at 8.

7

3. Plaintiff has disregarded this Court's procedural rules. Specifically, while awaiting a decision on whether his first amended complaint complied with Judge Tarnow's order, plaintiff without leave filed two additional amended complaints that strongly resembled the first amended complaint, with differences primarily in the amount of damages claimed. Plaintiff should have been aware that amendment to the original complaint is permitted only by motion, because he participated in a hearing on the question of whether he would be permitted to amend his original complaint on May 15, 2007. *See* Doc. Ent. 20. The improper amended complaints also contained new claims that were not reflected in the original complaint as well as claims that Judge Tarnow had already dismissed. *See, e.g,* Doc. Ent. 28 at 11 (plaintiff alleging that defendants violated his constitutional rights "under the Fifth Amendment of the Constitution" and that defendants were in breach of the "collective bargaining agreement"). Further, plaintiff has filed other documents that find no basis in the Federal Rules of Civil Procedure, including plaintiff's "supplemental memorandum in error" (Doc. Ent. 38); plaintiff's sur-reply (Doc. Ent. 32); and plaintiff's "supplemental pleading" and accompanying affidavit (Doc. Ent. 46). Judge Tarnow reminded plaintiff at the hearing on May 15, 2007 that although plaintiff is not a lawyer, plaintiff is still obligated to observe the court's requirements. Doc. Ent. 23 at 20-21; Doc. Ent. 29 at 27-28.

B. *Dismissal*

    1. *Standard*s

A federal district court has at its disposal array of means to enforce its orders, including dismissal in appropriate case. For example, a federal district court may dismiss a suit with prejudice for failure to prosecute or comply with a court order under Rule 41(b). *See Knoll v. AT&T*, 176 F.3d 359, 362-63 (6th Cir.1999); Fed. R. Civ. P. 41(b). Dismissal may also be imposed

by the district court *sua sponte* through the court's inherent power to enforce and ensure compliance with its orders. *See United States v. Hudson*, 11 U.S. (7 Cranch) 32, 34 (1812) (holding that "[c]ertain implied powers must necessarily result to our Courts of justice from the nature of their institution"); *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764 (1980) (citing *Hudson*). *See also Anderson v. Dunn*, 19 U.S. (6 Wheat.) 204, 227 (1821) ("Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates"); *Ex parte Robinson*, 86 U.S. (19 Wall.) 505, 510 (1873); *Link v. Wabash R. Co.*, 370 U.S. 626, 630-631 (1962) (A court's powers are "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"); *Chambers v. NASCO, Inc*., 501 U.S. 32, 43 (1991).

Dismissal is a drastic sanction and should only be imposed in extreme circumstances. *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005). The Sixth Circuit has identified four "competing concerns" that guide a court's decision to dismiss an action for failure to prosecute or otherwise comply with the court's orders: "the court's need to manage its docket, the public's interest in expeditious resolution of litigation, and the risk of prejudice to a defendant because the plaintiff has failed to actively pursue its claims"; and, "[o]n the other hand[,] ... the policy which favors disposition of cases on their merits." *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir.1993); *see also Schafer v. City of Defiance Police Dept*., 529 F.3d 731, 737 (6th Cir. 2008) (citing *Little*). Reviewing a district court's decision to dismiss for failure to prosecute, the Sixth Circuit has considered (1) whether the dismissed party's failure was due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed

party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *See Knoll*, 176 F.3d at 363; *Schafer*, 529 F.3d at 737.

A pro se litigant is held to less stringent standards with regard to the formal rules of pleading. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, a pro se litigant is not invited to disregard court rules and orders. *See, e.g, Mmoe v. Com.*, 393 Mass. 617, 620, 473 N.E.2d 169 (1985) ("the rules bind a pro se litigant as they bind other litigants").

2. *Analysis*

After applying the standards for dismissal for failure to prosecute to this case, the Court should conclude that plaintiff's conduct and the specific circumstances of this case militate strongly in favor of dismissal with prejudice.

To support a finding that a plaintiff's actions were motivated by willfulness, bad faith, or fault, the plaintiff's conduct "must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings." *Wu*, 420 F.3d at 643 (brackets and internal quotation marks omitted); *Schafer*, 529 F.3d at 737 (citing *Wu*). Numerous decisions by plaintiff display at least a reckless disregard for the consequences of his conduct, including plaintiff's decision to file without leave further amendments to his complaint pending a decision regarding the first amendment; plaintiff's decision to file unsolicited pleadings in addition to the improper amendments; plaintiff's decision to attempt to add new claims and restore claims that had been already dismissed to his pleadings; plaintiff's decision to disregard the court's order that he provide a specific statement of damages; plaintiff's decision to provocatively raise the amount of damages he was claiming in the absence of justification and in the face of a court order;

and plaintiff's decision to file further defective documents even after the first amended complaint had been stricken for failure to comply with a court's order. The lack of an apparent explanation or excuse for plaintiff's conduct supports dismissal as a consequence.

A court considering dismissal of a case may consider the prejudice to the defendants. *Wu*, 420 F.3d at 643; *Schafer*, 529 F.3d at 737. Defendants have awaited some justification of the damages plaintiff seeks, in order to answer the complaint, for over a year. Meanwhile, defendants' counsel have been compelled to respond to plaintiff's numerous filings at defendants' expense. Defendants so far have filed a motion for a more definite statement (Doc. Ent. 8); a first motion to dismiss (Doc. Ent. 9); a reply to plaintiff's response regarding the first motion to dismiss (Doc. Ent. 13); a response to plaintiff's motion to amend plaintiff's original complaint (Doc. Ent. 17); an answer to the complaint (Doc. Ent. 18); a second motion to dismiss and strike (Doc. Ent. 21); a reply to plaintiff's response to the second motion to dismiss and strike (Doc. Ent. 30); a motion to strike plaintiff's sr-reply (Doc. Ent. 33); a response to plaintiff's second motion to amend (Doc. Ent. 36); a third motion to dismiss (Doc. Ent. 37); and a motion to strike the second of plaintiff's amended complaints (Doc. Ent. 42). Meanwhile, almost two years have elapsed since the filing of the original complaint, during which plaintiff has failed to provide the defendants and the court with a satisfactory justification for the damages he claims. The Court should conclude that, given these circumstances, the prejudice to the defendant weighs in favor of dismissal.

A court may consider whether plaintiff was on notice that a failure to prosecute or comply with an order would result in dismissal. *Wu*, 420 F.3d at 643; *Schafer*, 529 F.3d at 737. Plaintiff was on notice from the Court that if he did not comply with Judge Tarnow's order to provide a more definite statement of damages, his suit would be dismissed. At the hearing on May 15, 2007,

Judge Tarnow indicated, addressing plaintiff,

> And you will have 30 days to [file the amended complaint], which will take us to June 15 [2007]. And if there's another Motion to Dismiss after that, I'm going to send it to the magistrate judge, who will give the whole case a fresh look. But if you can't satisfy the requirements, that magistrate judge will recommend to me to dismiss the case. If you do satisfy the requirements, then they will recommend the opposite.

Doc. Ent. 23 at 20-21; Doc. Ent. 29 at 27-28. Judge Tarnow's warning to plaintiff during the May 15, 2007, hearing that failure to comply with the order would result in dismissal, and plaintiff's subsequent failure to comply with the order, weighs in favor of dismissal.

Finally, a court considering dismissal should evaluate the alternative remedies, and may also consider whether alternative remedies were employed in the past. *Wu*, 420 F.3d at 643; *Schafer*, 529 F.3d at 737. The court has already employed alternative remedies as this suit has developed. This Court permitted plaintiff to amend his complaint to specifically state his damages. *See* Doc. Ent. 20 (Judge Tarnow's order granting plaintiff's motion to amend). When the plaintiff failed to comply with Judge Tarnow's order, this Court did not immediately dismiss this case even though Judge Tarnow specifically warned plaintiff that dismissal would be appropriate. *See* Doc. Ent. 41; Doc. Ent. 23 at 20-21; Doc. Ent. 29 at 27-28. Rather, this Court merely struck the deficient pleading from the record and otherwise allowed the suit to proceed. *See* Doc. Ent. 41. However, this Court should conclude that to allow to plaintiff to indefinitely file similarly deficient complaints, only to strike them from the record and invite amendment, would be unfairly prejudicial to defendants. Because plaintiff has failed to remedy the defect in his original complaint for over a year, at the present time a sanction short of dismissal would result in unfair prejudice to defendants, who are still compelled respond to each of plaintiff's defective pleadings at their own expense.

It is unfair to other litigants for one plaintiff to burden the Court with unnecessary, repetitive, and duplicative documents and to refuse to comply with the Court's instructions, especially while other litigants must wait for a disposition of their cases. The Court's docket is already crowded. The interest of other litigants in rapid access to the Court weighs against permitting conduct such as plaintiff's to consume the Court's limited resources.

The public has an interest in favor of disposition of cases on their merits. *See Little*, 984 F.2d at 162. Plaintiff has alleged he was discriminated against at his workplace. *See* Doc. Entries 1, 22, 28, 35. Congress has enacted legislation conferring civil causes of action in federal court on the victims of discrimination. *See, e.g,* 42 U.S.C. § 1981. The public has an interest in a determination of plaintiff's case on the merits. However, plaintiff's conduct diminishes the public interest in favor of a disposition of his case on the merits, because by his conduct he has actively obstructed this Court's endeavor to proceed to a disposition of his case on the merits.

The court has given plaintiff special treatment on account of his inability to procure an attorney. *See* Doc. Ent. 41 (order striking plaintiff's first amended complaint despite express warning that failure to comply with a court order would result in dismissal). *See also* Doc. Ent. 23 at 20-21; Doc. Ent. 29 at 27-28 (Judge Tarnow explaining to plaintiff that he would be held to a lower standard because he was pro se, but that plaintiff was not excused from the court rules of pleading). However, plaintiff by his conduct has not exhibited a willingness to comply with the court's instructions and to provide the court with the documents requested to allow his case to proceed. The Court should not indefinitely extend special treatment to a pro se litigant who is unwilling to comply with court rules and orders.

The Court should, taking all the factors into consideration. conclude that while dismissal

13

for failure to prosecute or comply with court rules and orders is an extraordinary sanction, plaintiff's conduct over the course of this suit is sufficient to warrant dismissal.

C.  *Conclusion*

In view of the foregoing, the Court should grant defendants' third motion to dismiss.

III.  NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *See Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991). *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives  
PAUL J. KOMIVES  
UNITED STATES MAGISTRATE JUDGE

Dated: 8/7/08

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on August 7, 2008.
>
> s/Eddrey Butts  
> Case Manager